IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONTRAIL RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:18-cv-1068-WKW-GMB |
| | ) [WO] |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF MENTAL HEALTH, and | ) |
| TAYLOR HARDIN, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is the *pro se* complaint of Plaintiff Montrail Russell. Doc. 1. Also pending is a Motion to Proceed *in forma pauperis*. Doc. 4. For the reasons stated below, it is ORDERED that Russell shall file an amended complaint in accordance with the Federal Rules of Civil Procedure and the contents of this Order, as instructed below.

As currently constituted, the complaint (Doc. 1) constitutes a "shotgun pleading" that does not comply with the Federal Rules of Civil Procedure. Russell's complaint constitutes a long list of grievances that occurred at the Taylor Hardin Secure Medical Facility in Tuscaloosa, Alabama. Doc. 1. But his list does not tie these grievances to a violation of any federal statute or other federal law.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The allegations should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each claim should be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). This enables the opposing party to

respond adequately and appropriately to the claims against it, and allows the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal citations omitted). Shotgun pleadings have been "roundly condemned" in the Eleventh Circuit "both for the confusion they cause litigants and the havoc they wreak on the docket." *McCall v. Bank of Am., N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. Sept. 26, 2016). In *McCall*, the court explained that there are four varieties of shotgun pleadings:

> (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts," (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints that fail to "separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.* (quoting *Weiland*, 792 F. 3d at 1322–23).

Russell's complaint itself is a relatively short form complaint, but the factual allegations are vague, imprecise, and include a host of legal conclusions. While it is possible that Russell's allegations may serve the basis for viable legal claims, that is not currently discernable because Russell's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and does not specify "which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* It is not clear from the complaint which laws are allegedly being violated, as there is no reference to any specific federal law. And though Russell mentions "cruel and unusual punishment" in passing (Doc. 1 at 2), it does

2

not appear that Russell intends to claim that all of his grievances—for example, not receiving sweeteners for tea, coffee, and juice (Doc. 1 at 7)—violate the Eighth Amendment. Additionally, it is unclear which grievances are lodged against which defendant since the complaint does not specify whether Taylor Hardin or the Alabama Department of Mental Health is responsible for each alleged violation.

Though the court is mindful of Russell's *pro se* status, and the fact that *pro se* pleadings are held to a lesser standard than those prepared by attorneys, *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008); *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009). Accordingly, it is ORDERED that Russell shall file an amended complaint[1] on or before **May 9, 2019**, that complies with the Federal Rules of Civil Procedure and the following requirements of this Order, including:

   a. Russell must indicate which federal law each factual allegation, or grievance, purportedly violates;

   b. Russell must clearly indicate which claims are brought against which defendant;

   c. The amended complaint must set forth allegations of fact that are simple, concise, sufficiently detailed, and material to each of Russell's federal claims.

Russell is warned that the failure to submit an amended complaint in compliance with this Order may result in recommendation of dismissal of his case.[2]

---

[1] Eleventh Circuit courts routinely instruct *pro se* litigants to correct their shotgun pleadings with an amended complaint that complies with the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Georgia*, 2016 WL 4709078 (11th Cir. Sept. 9, 2016); *Giles*, 359 F. App'x at 92–93; *Maglutas*, 256 F.3d at 1284 n.3 ("We have held that district courts confronted by [shotgun] complaints have the inherent authority to demand repleader sua sponte.").

[2] *See, e.g.*, *Giles*, 359 F. App'x at 93 (holding that, after "guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal,"

DONE this 18th day of April, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

the district court did not abuse its discretion by dismissing an amended complaint that did not comply with the requirements of Rules 8 and 10).