IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MONTRAIL RUSSELL,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CASE NO. 2:18-cv-1068-WKW-GMB
                                     )
STATE OF ALABAMA DEPARTMENT          )
OF MENTAL HEALTH, and,               )
TAYLOR HARDIN,                       )
                                     )
        Defendants.                  )

## REPORT AND RECOMMENDATION

Before the court is the *pro se* complaint of Plaintiff Montrail Russell. Doc. 1.  Also

pending is a Motion to Proceed *in forma pauperis* (Doc. 4), and a Motion to Appoint

Counsel. Doc. 1.   Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the

undersigned United States Magistrate Judge for review and submission of a report with

recommended findings of fact and conclusions of law. Doc. 3.   For the reasons stated

below, the Magistrate Judge RECOMMENDS that the Motion to Proceed *in forma*

*pauperis* (Doc. 4) be GRANTED, and that the Motion to Appoint Counsel (Doc. 1) be

DENIED as moot.   After a careful review of the complaint and the applicable law, and

giving due consideration to Russell's *pro se* status, the undersigned further

RECOMMENDS that this case be DISMISSED.

## I. FACTS AND PROCEDURAL HISTORY

Russell, appearing *pro se*, filed a complaint against the Alabama Department of

Mental Health and Taylor Hardin. Doc. 1.  Finding the complaint to be a shotgun pleading,

this court ordered Russell to file an amended complaint on or before May 9, 2019, which

complies with Rules 8 and 10 of the Federal Rules of Civil Procedure and which contains clear allegations of facts showing that Russell is entitled to relief under federal law. Doc. 8.   Russell was cautioned that failure to submit an amended complaint may result in recommendation of dismissal of this case. Doc. 8 at 3.   Russell has not filed an amended complaint as of the date of this Recommendation.

## II. STANDARDS OF REVIEW

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal if a plaintiff fails to comply with a court order.   Pursuant to that rule, a court may dismiss an action *sua sponte. Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006).

## III.  DISCUSSION

Although he was ordered to do so, Russell did not file an amended complaint within the time allotted to him.   The court cautioned Russell that his failure to submit an amended complaint could result in a recommendation that the case be dismissed. Doc. 8 at 3.   As noted above, Rule 41 of the Federal Rules of Civil Procedure authorizes the court to dismiss an action on its own motion if a plaintiff fails to comply with a court order. *See Brown*, 205 F. App'x at 802.   The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983) (citation omitted).   Dismissal with prejudice pursuant to Rule 41 is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).   In this case, while dismissal with prejudice is a serious sanction, given Russell's failure to comply with the

court's Order to file an amended complaint which complies with Rules 8 and 10 of the Federal Rules of Civil Procedure, the court concludes that Russell's failure to comply was willful, particularly since he was forewarned that his claims could be dismissed if he did not comply with the Order.  The court also finds that lesser sanctions would not suffice because this litigation cannot advance without a pleading that states a plausible claim for relief. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

The court is of course mindful of Russell's *pro se* status. While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and "are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.,* 359 F. App'x 91, 93 (11th Cir. 2009) (finding no abuse of discretion in dismissal where "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, Giles did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10").

## IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Russell's Motion to Proceed *in forma pauperis* (Doc. 4) be GRANTED, but that this action be DISMISSED without service of process and that the Motion to Appoint Counsel (Doc. 1) be DENIED as moot.

It is further ORDERED that Russell is DIRECTED to file any objections to this Recommendation **on or before June 12, 2019**.  Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  This Recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 29th day of May, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE